## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**WISCONSIN SHEET METAL WORKERS HEALTH AND BENEFIT FUND, MILWAUKEE AREA SHEET METAL JOURNEYMEN AND APPRENTICESHIP TRAINING FUND, WISCONSIN SHEET METAL WORKERS 401(k) PROFIT SHARING PLAN, and PATRICK LANDGRAF (in his capacity as Trustee), SHEET METAL WORKERS NATIONAL PENSION FUND, SHEET METAL OCCUPATIONAL HEALTH INSTITUTE TRUST FUND,**

        Plaintiffs,                               Case No. 13-C-991

    v.

**CJ CONTRACTING, LLC,**

        Defendant.

---

## DECISION AND ORDER

---

This action was filed by Plaintiffs Wisconsin Sheet Metal Workers Health and Benefit Fund; Milwaukee Area Sheet Metal Journeymen and Apprenticeship Training Fund; Wisconsin Sheet Metal Workers 401(k) Profit Sharing Plan; Patrick Landgraf, in his capacity as trustee ("Landgraf"); Sheet Metal Workers National Pension Fund; and Sheet Metal Occupational Health Institute Trust Fund (collectively the "Plaintiffs") against Defendant CJ Contracting, LLC ("CJ") alleging that CJ violated the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), by breaching its obligations under the controlling collective bargaining agreement. This matter is

before the Court on the Plaintiffs' "motion for entry of injunctive relief" (ECF No. 10) in the form of an order directing CJ to allow the Plaintiffs' designated representative to audit its books for the period of April 1, 2012, through the present. Also requested is an award of any unpaid contributions, interest, and liquidated damages revealed by that audit, and reasonable attorney fees and costs. The Plaintiffs submitted two proposed orders.

### Analysis

The Plaintiffs' motion does not cite any statute or rule pursuant to which it is made ― contrary to Civil Local Rule 7(a) (E.D. Wis.). Furthermore, although not mentioned in the motion, the proposed order includes a finding that CJ violated the Labor Management Relations Act of 1947, as amended ("LMRA"); ERISA; and the effective collective bargaining agreement by failing to pay fringe benefit contributions to the Plaintiff Funds[1] on behalf of its employees and by failing to submit to an audit of the company's books and records for the relevant time period.

The docket reflects that on October 30, 2013, when the Plaintiffs filed their motion, they also requested and obtained entry of default by the Clerk of Court. *See* Fed. R. Civ. P. 55(a). Thus, although not explicitly requested, the procedural posture of this action and the relief requested indicate that the Plaintiffs seek default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

The determination of whether to enter default judgment is a matter of the

---

[1] The Plaintiff Funds are the Plaintiffs except for Landgraf.

- 2 -

Court's discretion. *See O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993). In resolving the motion, this Court may consider factors including the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are present, whether the default is largely technical, whether the plaintiffs have been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. *See* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure*, § 2685 (West 1998).

  The amount of money involved in this action is unknown at this time. The Plaintiffs' claims are made on behalf of CJ's employees and their considerable interest in employee benefit plans ERISA is intended to protect and therefore, viewed from the perspective of the public at large, are of public importance. While this action has not been significantly delayed by the default, the grounds for the default are clearly established by CJ's failure to file a timely answer or other responsive pleading after having been served with the Summons and Complaint. Accordingly, in the exercise of discretion, default judgment is granted as to CJ's liability for violating ERISA by failing to pay fringe benefit contributions to the Plaintiff Funds and by failing to submit to an audit of the company's books and records for the relevant time period. However, default judgment as to liability under the LMRA and the collective bargaining agreement is denied because no such claims are alleged in the Complaint.

Default judgment establishes, as a matter of law, that CJ is liable to the Plaintiffs for the ERISA cause of action alleged in the Complaint. *See e360 Insight v. The Spamhaus Project,* 500 F.3d 594, 602 (7th Cir. 2007) (citing *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989)). However, the motion requests injunctive relief. The Complaint alleges that since the audit period of April 1, 2012, CJ has not performed its obligations pursuant to the terms and conditions of the applicable agreements by failing to make payments to the Plaintiff Funds for all of CJ's covered employees, failing to accurately report employee work status to the Plaintiffs (Compl. ¶ 12), and rejecting demands and attempts to schedule an audit of CJ's book and records for the relevant time period. (*Id*. at ¶¶ 15-16.) The Complaint further alleges that as a result of CJ's failure to make timely and prompt contributions, some of the Plaintiff Funds' beneficiaries and participants "could have eligibility terminated and benefits reduced for which they would otherwise qualify, [and] . . . would be left without an adequate remedy at law and would suffer severe and irreparable harm if [CJ] is not . . . compelled to comply with the Labor Agreements and enjoined from further breaches." (*Id.* at ¶ 20.)

A default judgment does not answer whether a particular remedy is appropriate. *e360 Insight*, 500 F.3d at 604 (quoting *Di Mucci,* 879 F.2d at 1497) ("Because . . . liability was established by default, the law in this circuit indicates that in a case such as this, an evidentiary hearing may be required to establish what type of relief is necessary.") The appeals court stated, "[t]his principle applies with equal if

not greater force in the context of equitable relief, for which the law imposes a requirement that the party seeking the injunction demonstrate the inadequacy of legal relief." *Id.* (quoting *Walgreen Co. v. Sara Creek Property Co., B.V.,* 966 F.2d 273, 275 (7th Cir. 1992)) ("The plaintiff who seeks an injunction has the burden of persuasion—damages are the norm, so the plaintiff must show why his case is abnormal. . . . [W]hen, as in this case, the issue is whether to grant a permanent injunction . . . the burden is to show that damages are inadequate. . . .").

The Plaintiffs' motion does not address the criteria for injunctive relief, which requires that they demonstrate: "(1) that [they] [have] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff[s] and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *e360 Insight,* 500 F.3d at 604. Furthermore, the affidavit in support of the motion does not proffer any facts to support injunctive relief.

However, the Complaint establishes that for over a year CJ has not been making payments. CJ has also not disclosed the number of covered employees that it employs and has not allowed its books to be audited.

Absent information about the number of covered employees working for CJ and an audit of its books and records, the Plaintiffs cannot ascertain the amounts of unpaid contributions and cannot recover them. Thus, the Court concludes that the

- 5 -

Plaintiffs have sustained irreparable harm.  They have no adequate remedy at law because without supporting evidence, any damage claim would be speculative.

Furthermore, any harm to CJ by requiring that it submit to an audit of its books and records would be outweighed by the harm to the Plaintiffs.  Unless they can conduct the audit, the Plaintiffs will be unable to recover the amounts that CJ agreed to pay to ERISA plans under the applicable collective bargaining agreement.  Furthermore, there is no indication that the enforcement of the collective bargaining agreement under ERISA will disserve the public interest.

In sum, the Plaintiffs' motion is granted with respect to default judgment as to liability for the ERISA violations and granted with respect to the audit.  No judgment will be entered until the amounts of any unpaid contributions, interest, and liquidated damages revealed by that audit are established.  If the Plaintiffs' audit establishes that CJ owes unpaid contributions it may make a claim for reasonable attorney fees, addressing the criteria for such award and providing supporting documentation to establish the reasonableness of its claimed hourly fee, hours expended, and the nature of the work performed in accordance with the case law of the Seventh Circuit.  *See Stark v. PPM Am., Inc.,* 354 F.3d 666, 673 (7th Cir. 2004); *Anderson v. AB Painting and Sandblasting Inc.,* 578 F.3d 542, 544 (7th Cir. 2009).

Additionally, Federal Rule of Civil Procedure 54 instructs that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney[s'] fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

Following the entry of any judgment awarding costs, the Plaintiffs may file a bill of costs with the Clerk of Court. *See* Civil L.R. 54.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Plaintiffs' motion for relief (ECF No. 10) is **GRANTED** to the extent that the Court finds:

(1) CJ is liable for violating ERISA;

(2) no later than November 15, 2013, CJ must submit to an audit of the company's books and records by the Plaintiffs Funds' designated representative; the audit is to cover the period of April 1, 2012, to the present;

(3) no later than November 25, 2013, the Plaintiffs must file the results of the audit regarding the amounts of any unpaid contributions, interest, and liquidated damages revealed by that audit, together with any claim for reasonable attorney fees, with supporting documentation.

Dated at Milwaukee, Wisconsin, this 5th day of November, 2013.

BY THE COURT:

*Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**