**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**WISCONSIN SHEET METAL WORKERS HEALTH AND BENEFIT FUND, MILWAUKEE AREA SHEET METAL JOURNEYMEN AND APPRENTICESHIP TRAINING FUND, WISCONSIN SHEET METAL WORKERS 401(k) PROFIT SHARING PLAN, and PATRICK LANDGRAF (in his capacity as Trustee),**

**SHEET METAL WORKERS NATIONAL PENSION FUND, SHEET METAL OCCUPATIONAL HEALTH INSTITUTE TRUST FUND,**

        **Plaintiffs,**                               **Case No. 13-C-991**

      v.

**CJ CONTRACTING, LLC,**

        **Defendant.**

---

## DECISION AND ORDER

---

This action is before the Court on the motion for entry of judgment awarding $31,860.28 in total damages plus interest pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (ECF No. 21.) The Plaintiffs, Wisconsin Sheet Metal Workers Health and Benefit Fund; Milwaukee Area Sheet Metal Journeymen and Apprenticeship Training Fund; Wisconsin Sheet Metal Workers 401(k) Profit Sharing Plan; Patrick Landgraf, in his capacity as trustee ("Landgraf"); Sheet Metal Workers National Pension Fund; and Sheet Metal Occupational Health Institute Trust Fund (collectively the "Plaintiffs"), seek such relief against Defendant CJ Contracting, LLC

("CJ"). The proposed judgment amount includes unpaid contributions, reasonable attorney fees, and costs and is accompanied by the affidavit of Benjamin J. Roovers ("Roovers") and attached exhibits. (ECF Nos. 21-1-21-4.)

The motion was preceded by the Court's November 5, 2013, Decision and Order granting the Plaintiffs' motion for default judgment to the extent that it found CJ liable for violating the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), by breaching its obligations under the controlling collective bargaining agreement. (ECF No. 12.) The Court also directed CJ to allow the Plaintiffs' designated representative to audit its books for the period of April 1, 2012, through the present, and directed the Plaintiffs to file the results of the audit. Additionally the Court advised the Plaintiffs that, if the audit established CJ owed unpaid contributions for that time period, any claim for reasonable attorney fees should address the legal criteria for such award and provide supporting documentation to establish the reasonableness of the claimed hourly fee, hours expended, and the nature of the work performed in accordance with the case law of the Seventh Circuit, citing *Stark v. PPM Am., Inc.,* 354 F.3d 666, 673 (7th Cir. 2004); *Anderson v. AB Painting and Sandblasting Inc.,* 578 F.3d 542, 544 (7th Cir. 2009).

With respect to the Plaintiffs' damage claim against CJ, ERISA provides that,

> [i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court *shall* award the plan --

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of --
>
> (i) interest on the unpaid contributions, or
>
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Title 26.

29 U.S.C. § 1132(g). (Emphasis added.) Thus, ERISA requires a court to award attorney fees and costs to a prevailing fiduciary in an action to collect delinquent contributions. *Laborers' Pension Fund v. RES Envtl. Servs., Inc.,* 377 F.3d 735, 739 (7th Cir. 2004).

The results of the Plaintiffs' audit establish that CJ's unpaid contributions from April 1, 2012, through November 30, 2013, and the interest on those amounts total $29,158.68. Therefore, that amount is awarded.

The Plaintiffs also claim attorney fees of $2,235.00 incurred between July 6, 2012, and January 13, 2014. The information regarding the Plaintiffs' attorney fees

does not fulfill the criteria outlined in the Court's November 5, 2013, Decision and Order. Plaintiffs have not addressed the legal standard, provided the hourly rate charged by counsel, or established the reasonableness of that fee or the hours expended.

Although the Plaintiffs have not provided the hourly fee charged by Kathryn A. Brietlow (KAB), the attorney who filed this action, Roovers (BJR), or two other attorneys−identified only as "CJA" or "JJB"−who also worked on this case, dividing $2,235.00 by the claimed 14.90 hours, the average hourly fee claimed by Plaintiffs' counsel is $150.00. This Court has approved the same hourly fee in other similar litigation by Plaintiffs' counsel. *See Wisconsin Sheet Metal Workers Health & Ben. Fund v. CC Installations, Inc.,* 11-C-641, 2011 WL 5404035, at *2 (E.D. Wis. Nov. 7, 2011). To expedite the resolution of the default motion, the Court will rely on its calculation rather than requiring the Plaintiffs to supplement their default judgment motion in this action. However, the Plaintiffs are admonished that the Court's orders are controlling in an action. Compliance is expected.

The Plaintiffs' papers also establish costs in the amount of $466.60. That amount is approved.

The Plaintiffs also request that the Court order entry of a judgment stating that they are awarded "the amount of [total damages] together with interest at the rate allowed by law." However, "civil litigants who win money judgments in district courts are entitled to post judgment interest" by statute. *See Pace Commc'ns, Inc. v.*

*Moonlight Design, Inc.,* 31 F.3d 587, 591 (7th Cir. 1994). A judgment awarding postjudgment interest is redundant. *Id.* Additionally, awarding interest, without specifying whether it is prejudgment or postjudgment, creates confusion. *Id.* The Plaintiffs' damage calculations for unpaid contributions include some prejudgment interest, so they apparently seek postjudgment interest, which is redundant and unnecessary. *See id.* Therefore, the Clerk of Court should not include the provision for interest in the judgment.

Based on the foregoing, having found that CJ is liable for violating ERISA, as amended, 29 U.S.C. §§ 1132 and 1145, by breaching its obligations under the controlling collective bargaining agreement, the Court awards to the Plaintiffs, against CJ, the total amount of damages of $31,860.28. The total damage amount includes unpaid contributions, pre-judgment interest from April 1, 2012, through November 30, 2013, attorney fees, and costs.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Plaintiffs' motion for default judgment (ECF No. 10) is **GRANTED** to the following extent:

Based on CJ's violations of ERISA between April 1, 2012, and November 30, 2013, the Plaintiffs shall recover total damages of $31,860.28 from CJ;

This action is **TERMINATED**; and

The Clerk of Court is **DIRECTED TO ENTER** judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2014.

                    **BY THE COURT:**

                    _____
                    **HON. RUDOLPH T. RANDA**
                    **U.S. District Judge**